IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION
CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA.
FILED
OCT 24 2007
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

| | |
|---|---|
| IN RE: NANCY JOAN THOMAS<br><br>*Debtor,* | BANKR. CASE NO. 05-60177<br><br>ADV. NO. 05-06031 |
| NANCY JOAN THOMAS,<br><br>*Appellant,*<br><br>v.<br><br>EDUCATIONAL CREDIT MANAGEMENT CORPORATION,<br><br>*Appellee.* | CIVIL NO. 3:06cv00037<br><br>MEMORANDUM OPINION AND ORDER<br><br>JUDGE NORMAN K. MOON |

It has recently come to the Court's attention that there are several procedural issues arising out of the initial stages of this bankruptcy appeal that must be resolved before a final judgment is rendered. Because the appeal has already proceeded through briefing and oral argument, the Court will resolve these outstanding issues through this Order, rather than by dismissing the appeal with leave for Appellant to re-file after the errors are corrected.

The first issue arises out of the manner in which Appellant took this appeal. Under the Federal Rules of Bankruptcy Procedure, leave of the district court is not required for an appeal from a non-interlocutory bankruptcy court judgment, such as the judgment at issue in this case. *See* Fed. R. Bankr. P. 8001(a)–(b). Thus, to appeal the bankruptcy court's judgment to this Court, Appellant needed only to file a notice of appeal with the bankruptcy court clerk. Fed. R. Bankr. P. 8001(a). Nevertheless, Appellant, who is proceeding pro se, filed both a notice of

appeal and a motion for leave to appeal, which is the procedure mandated by the Bankruptcy Rules for situations, unlike this one, in which leave to appeal is required. Fed. R. Bankr. P. 8001(b). Following transmittal from the bankruptcy court clerk to the district court clerk, Appellant's filings were mistakenly docketed as a Rule 8001(a) appeal of right rather than as a Rule 8001(b) motion for leave to appeal, and the Court erroneously proceeded as if Appellant's appeal were perfected, without first ruling on her motion for leave. Because Appellant never needed leave to appeal in the first instance, the appropriate ruling is to deny the motion as moot. *See In re U.S. Abatement Corp.*, No. 92-1805, 1992 WL 193646, at *1 (E.D. La. July 31, 1992) (denying motion for leave to appeal as moot "[b]ecause the order to be appealed is appealable without leave"); *In re Chicago, Missouri & Western R. Co.*, No. 90 C 6939, 1991 WL 83962, at *5 (N.D. Ill. May 9, 1991) ("Clearly if [Appellant] may appeal as of right, the motion for leave to appeal would be moot."). Because Appellant correctly filed a notice of appeal along with her motion, however, the validity of the appeal itself is not in question. *See* Fed. R. Bankr. P. 8001(a) ("An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court . . . deems appropriate."); *see also In re Wallace & Gale Co.*, 72 F.3d 21, 23 (4th Cir. 1995) (stating that "the bankruptcy court dismissed the motion [for leave to appeal] as moot, because the appeal already had been docketed under the notice of appeal"). Accordingly, Appellant's Motion for Leave to Appeal is hereby DENIED AS MOOT, and it is hereby ORDERED that the appeal proceed under the notice of appeal, as presently docketed.

Ruling on Appellant's motion, however, raises a second procedural issue. Pursuant to 28 U.S.C. § 1930(b), the Judicial Conference of the United States has set forth a schedule of fees to be charged in bankruptcy courts. Among these is a $250 fee for docketing a notice of appeal.

Because Appellant filed a motion for leave to appeal instead of taking an appeal of right, she was charged only a $5 notice fee, pending the outcome of her motion. Now that the motion has been ruled upon, albeit well over a year after it was filed, and the appeal is now moving forward, Appellant is responsible for the no doubt unexpected $250 docketing fee. Given the tardiness of the Court's ruling, however, as well as Appellant's difficult financial circumstances and the absence of any bad faith on her part, the $250 docketing fee is hereby WAIVED.[1]

The final procedural issue that must be resolved deals with the record on appeal, or more precisely, the absence of a record on appeal. Because Appellant filed a motion for leave to appeal that, until now, was not ruled upon, the bankruptcy court never transmitted the record on appeal to the district court.[2] At some time prior to the August 20, 2007 hearing, however, and through means that remain a mystery, the Court came into possession of a copy of the bankruptcy court judgment and accompanying memorandum, as well as a trial transcript. Until recently, the Court had been proceeding under the mistaken assumption that these items were transmitted from the bankruptcy court as part of the record. Having now discovered that no record on appeal was ever properly placed before it, the Court finds itself in an untenable position—without a record of the proceeding below, the judgment that resulted from that proceeding cannot be fully and fairly reviewed.

---

[1] It should be noted that this decision to grant a waiver is limited to the unique circumstances presented by this appeal, most notably that the appeal has proceeded for over a year with no notice to the pro se appellant that a sizable docketing fee might be assessed at such a late stage. In general, the ordinary financial hardship faced by most debtors in bankruptcy is usually an insufficient basis, standing alone, for the waiver of a fee. See 28 U.S.C. § 1930(f).

[2] Nor should it have. The record may not be transmitted to the district court clerk until it is "complete for purposes of appeal," Fed. R. Bankr. P. 8007(b), and the record is not complete unless it includes, among other things, "the items . . . designated by the parties," Fed. R. Bankr. P. 8006. An appellant designates the items that she wants included in the record on appeal by, in essence, filing a list of such items with the bankruptcy court clerk, but she is not obligated to do so until "10 days after filing the notice of appeal . . . [or] entry of an order granting leave to appeal, . . . whichever is later." Id. In the instant case, because there was, until now, no ruling on Appellant's motion for leave to appeal, Appellant was not obligated to, and in fact did not, file a designation of the record.

However, according to Rule 8006, "[t]he record on appeal shall include the items . . . designated by the parties, the notice of appeal, the judgment, order, or decree appealed from, and any opinion, findings of fact, and conclusions of law of the [bankruptcy] court." Thus, the documents that the Court has in its possession—Appellant's notice of appeal, the judgment, the memorandum, and the trial transcript—more than satisfy the substantive requirements of a proper record on appeal, save those items, if any, that the parties might have designated in addition to the trial transcript. Moreover, the Court is of the opinion that this appeal may be fully and fairly adjudicated on such a record, if the procedural defects are cured. *See also* Fed. R. Bankr. P. 8019 ("In the interest of expediting decision or for other cause, the district court . . . may suspend the requirements or provisions of the rules in Part VIII . . . and may order proceedings in accordance with its direction.")

Accordingly, any party so opposed is hereby ORDERED TO SHOW CAUSE on or before November 7, 2007 why the Court should not proceed upon a record on appeal consisting of (1) the notice of appeal, (2) the bankruptcy court judgment, (3) the memorandum that accompanied the judgment, and (4) the transcript of the bankruptcy court trial.[3] A certified copy of each of these documents is attached to this Order.

## CONCLUSION

In summary, for the above-stated reasons:

(1) Appellant's Motion for Leave to Appeal (docket entry no. 1, attachment no. 1) is hereby DENIED AS MOOT;

---

Accordingly, the record could not have been "complete for purposes of appeal," and the bankruptcy court was therefore correct in not transmitting a record to the district court.

[3] To be clear, this show cause order does not address the documents attached to Appellant's opening brief, which are the subject of Appellee's June 28, 2007 Motion to Strike. The issue of whether the Court may consider

- 4 -

(2) it is hereby ORDERED that the appeal proceed under the notice of appeal, as presently docketed;

(3) the $250 fee assessed in the bankruptcy court for docketing the notice of appeal is hereby WAIVED; and

(4) any party so opposed is hereby ORDERED TO SHOW CAUSE on or before November 7, 2007 why the Court should not proceed upon a record on appeal consisting of the attached documents, as described above.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTERED: *[signature]*
United States District Judge

October 24, 2007
Date

---

those documents in deciding this appeal will be taken up in a future order.

- 5 -

Case 3:06-cv-00037-NKM    Document 17    Filed 10/24/07    Page 5 of 5    Pageid#: 103